UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
BENJAMIN GROSS,                           :

            Plaintiff,          :

         -against-                       :

GFI GROUP, INC. *et al.*,                 :

            Defendants.        :
------------------------------X

14cv9438

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Benjamin Gross brings this securities class action on behalf of himself and similarly situated holders of Defendant GFI Group, Inc. ("GFI") stock, alleging that GFI board members made material misstatements about the benefits of a proposed merger that GFI's shareholders later rejected. Gross moves to certify a class of "all individuals and entities who sold shares of GFI common stock between July 30, 2014 and September 8, 2014." GFI opposes certification solely on the grounds that Gross is an inadequate class representative under Federal Rule of Civil Procedure 23(a)(4) because Jack Zwick, co-lead counsel for the putative class, is Gross's brother-in-law and close personal friend.[1] For the following reasons, Gross's motion is granted and the putative class is certified under Rule 23.

---

[1] GFI does not address in its briefing any of the other Rule 23 elements and accordingly concedes Gross's arguments on those points. See In re Jumei Int'l Holding Ltd. Sec. Litig., No. 14-CV-9826, 2017 WL 95176, at *5 n.4 (S.D.N.Y. Jan. 10, 2017) (arguments not rebutted in opposition briefs are deemed conceded).

BACKGROUND

On February 20, 2015 this Court granted the unopposed motion to appoint Gross as lead plaintiff and two law firms as lead counsel for the putative class—Scott + Scott LLP and Jack I. Zwick, Esq.[2] At Gross's deposition in June 2017, however, GFI learned that Gross and Zwick have been related by marriage for twenty-seven years. Gross testified that he has known Zwick since they met on a playground when they were eleven or twelve years old (see Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), ECF No. 92, Ex. A at 51:17), and that the two became brothers-in-law around 1990. (Guglielmo Decl., Ex. A at 52:18.) According to Gross, he and Zwick socialize often and typically spend holidays together. (Guglielmo Decl., Ex. A at 53:3–7.) Gross also testified that, as with any relative, he would like to see Zwick and his family (i.e. Gross's sister and her children) financially secure. (Guglielmo Decl., Ex. A at 266:5–267:7.)

Although lead counsel represents that there is no formal fee-splitting arrangement between Scott + Scott and Zwick, the retainer agreement between Gross and lead counsel provides for a contingency fee for class counsel of up to 1/3rd of any recovery. (Guglielmo Decl., Ex. A at 105:16–25.) Gross claims not to know how much Zwick stands to earn from his involvement in this case, but speculated that any fee would likely exceed $100,000—far more than the "$4[00] or $500" in actual damages that Gross allegedly suffered. (Guglielmo Decl., Ex. A at 10:6–7; 132:1–3.)

---

[2] For background on the substantive class claims, this Opinion presumes familiarity with this Court's February 9, 2016 Memorandum & Order denying GFI's motion to dismiss. See Gross v. GFI Grp., Inc., 162 F. Supp. 3d 263 (S.D.N.Y. 2016).

This Court notes that securities litigation appears to be something of a family business for Gross and Zwick; Gross previously filed four securities class actions with Zwick's former law firm, Weiss & Yourman, after Zwick introduced Gross to the firm's name partner and served as Gross's "point of contact" with the firm. (Guglielmo Decl., Ex. A at 37:1–38:5; 49:8–51:10; 51:18–52:1; 65:2–66:9; 72:17–74:17.) There is no indication that Gross or his counsel disclosed the relationship between Gross and Zwick in any of these prior cases.

## DISCUSSION

Rule 23(a)(4) permits class certification "only if . . . the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The purpose of this inquiry is "to uncover conflicts of interest between the named parties and the class they seek to represent." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997). "To show that absent class members are adequately represented, Plaintiffs must prove that (1) class counsel is qualified, experienced, and generally able to conduct the litigation . . . and (2) proposed class representatives have no interests that are antagonistic to the proposed class members." Spagnola v. Chubb Corp., 264 F.R.D. 76, 95 (S.D.N.Y. 2010). Here, GFI does not challenge the adequacy of class counsel. GFI opposes certification solely due to Gross's relationship with Zwick and his lack of familiarity with the underlying claims. GFI argues that the combination of these factors raises irreconcilable concerns about Gross's ability to conduct this litigation in the best interests of the class.

Although "there is no per se rule against relatives of class counsel serving as class representatives," Dupler v. Costco Wholesale Corp., 249 F.R.D. 29, 42 (E.D.N.Y. 2008), "[n]umerous courts . . . have found that a named plaintiff is an inadequate representative where

there is a close personal relationship between a plaintiff and class counsel." Spagnola, 264 F.R.D. at 96. "This is especially true in cases . . . where attorneys' fees will greatly exceed the class representative's recovery." Spagnola, 264 F.R.D. at 96. In such situations, the concern is "that a class representative who is closely associated with the class attorney would allow settlement on terms less favorable to the interests of absent class members." Susman v. Lincoln Am. Corp., 561 F.2d 86, 91 (7th Cir. 1977). For example, a court in this district recently denied certification because the class representative's "longtime family attorney and cousin by marriage" had an agreement with class counsel to receive 5% of any attorneys' fees, even though he was not himself counsel to the class. Gordon v. Sonar Capital Mgmt. LLC, 92 F. Supp. 3d 193, 199 (S.D.N.Y. 2015). The Gordon court found that lead plaintiff's "difficulties with recollection and lack of familiarity with the litigation . . . combined with his intimate relationship with one of the counsel having a financial interest in the outcome, render him inadequate to serve as class representative." Gordon, 92 F. Supp. 3d at 200–01.

Similarly, GFI argues here that Gross's lack of familiarity with the facts of the case suggests that he is completely reliant on his counsel, and that his close relationship with Zwick raises the concern that he might sell the class short to obtain a favorable outcome for his brother-in-law. GFI notes that Gross could not answer pointed questions about the press release at the heart of this litigation and repeatedly stated that his attorneys were in the best position to speak to the details of the case. (See GFI Opposition, ECF No. 91, at 10.) According to GFI, this testimony shows that Gross is "wholly dependent on counsel to make crucial decisions affecting the interests of absent class members," thus rendering him inadequate to serve as class representative. Gordon, 92 F. Supp. 3d at 200.

As a threshold matter, Gross's level of familiarity with the details of his case is not itself sufficient to defeat class certification. The requirement that the class representative demonstrate an understanding of the litigation is a "modest" one, under which the lead plaintiff must simply "be aware of the basic facts underlying the lawsuit." In re Monster Worldwide, Inc. Sec. Litig., 251 F.R.D. 132, 135 (S.D.N.Y. 2008). Gross's testimony reveals that he is generally familiar with the allegations of the complaint and his duties as class representative. (See Gross Reply, ECF No. 93, at 15 (collecting deposition excerpts).) GFI makes much of the fact that, at deposition, Gross referred questions about whether the statements at issue were fraudulent to his attorneys (see GFI Opp. at 20–21). Of course, a number of those deposition questions called for legal conclusions, and thus it was appropriate for Gross to demur. Further, lead plaintiffs in securities actions "need not have expert knowledge of all aspects of the case to qualify as class representative[s], and a great deal of reliance on the expertise of counsel is to be expected." In re AM Int'l, Inc. Sec. Litig., 108 F.R.D. 190, 197 (S.D.N.Y. 1985). A lead plaintiff's understanding of the case is dispositive "only in flagrant cases, where the putative class representatives display an alarming unfamiliarity with the suit, display an unwillingness to learn about the facts underlying their claims, or are so lacking in credibility that they are likely to harm their case." In re Pfizer Inc. Sec. Litig., 282 F.R.D. 38, 51 (S.D.N.Y. 2012). That is not the situation here.

The crucial question, then, is whether Gross's heretofore undisclosed familial relationship with co-counsel, when considered alongside his modest lack of familiarity with certain details of his case, suffices to disqualify him. Although this Court is troubled by Gross's

failure to reveal this relationship earlier in the litigation despite several opportunities to do so, the facts suggest that he is nonetheless an adequate class representative.

First, as Gross points out, neither Rule 23 nor the PSLRA compels disclosure of a relationship between lead plaintiff and lead counsel. See 15 U.S.C. § 78u-4(a)(2)(A). More importantly, as this Court has previously noted, "hypothetical conflict[s] of interest," without more, are "too diaphanous to bar certification" on adequacy grounds. In re Currency Conversion Fee Antitrust Litig., 230 F.R.D. 303, 309 (S.D.N.Y. 2004). "[T]he touchstone for denial of class action status" in cases involving relationships between class representatives and class counsel "is that the plaintiff might have an interest in the legal fees that the attorney might ultimately seek." Fischer v. Int'l Tel. & Tel. Corp., 72 F.R.D. 170, 173 (E.D.N.Y. 1976). Accordingly, courts in this circuit have certified class representatives where the record suggests that "plaintiff has no direct interest or likelihood of obtaining a portion of the attorney fees awarded to class counsel." Dupler, 249 F.R.D. at 42; Malchman v. Davis, 761 F.2d 893, 899 (2d Cir. 1985), abrogated on other grounds by Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) (affirming certification of class representatives who included the brother, mother-in-law, and personal friend of class counsel); Fischer, 72 F.R.D. 173–74 (certifying lead counsel's son as class representative because "defendants have not made any showing that plaintiff is likely to have any interest in any fee which may be recovered by his son if plaintiff is successful").

Here, the record reveals no arrangement among Scott + Scott, Zwick, and Gross suggesting that Gross has an interest in any potential fee Zwick stands to earn. Although Gross admitted that he would like to see his immediate family members happy and financially secure (a wholly unsurprising sentiment), any conflict of interest raised by this testimony is too speculative

6

to bar class certification. Indeed, the most that this Court can say is that Gross and the class's interests are aligned; surely both would like to see the maximum possible recovery for the class. Any issues with the fairness of settlement terms can be resolved by this Court pursuant to the rigorous court-approval requirement of FRCP 23(e). A passing review of prior opinions should assure the parties that this Court has no qualms about prioritizing the interests of the class over those of class counsel in any settlement. Accordingly, this Court finds that Gross is an adequate class representative.

## CONCLUSION

For the foregoing reasons, Gross has satisfied the requirements of FRCP 23 and the putative class of "all individuals and entities who sold shares of GFI common stock between July 30, 2014 and September 8, 2014, both dates inclusive, and who were damaged thereby" is certified and Gross is appointed as class representative. The Clerk of Court is directed to terminate the motion pending at ECF No. 80.

Dated: August 23, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.